# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 East 42nd Street, 4510                                      Telephone: (212) 317-1200
New York, New York 10165                                      Facsimile: (212) 317-1620
————

gnaydenskiy@faillacelaw.com

September 11, 2019

**BY ECF**
Hon. Judge Stewart D. Aaron
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

> Re:    *Aguirre et al v. MaxDelivery 2, LLC (d/b/a Max Delivery), et. al.*
> **Case No. 18-cv-08998(PGG)(SDA)**

Honorable Judge Aaron:

This office represents Plaintiffs in the above referenced matter.  The parties have agreed to a settlement ("Agreement") after attending a settlement conference in front of Your Honor.  A copy of the Agreement is attached hereto as Exhibit A.  We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and to retain jurisdiction of the matter.

## BACKGROUND

Plaintiff filed their Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

## SETTLEMENT TERMS

*Certified as a minority-owned business in the State of New York*

Page 2

Defendants produced records for 13 of the 15 FLSA Plaintiffs. The 13 FLSA Plaintiffs would be entitled to approximately $20,498.39 in FLSA minimum wage back pay. Counsel then took an average of the 13 Plaintiffs to allocate $1,576.80 per FLSA Plaintiff ($3,153.60 for both FLSA Plaintiffs) for their potential FLSA minimum wage damages. Thus, if the Plaintiffs prevail on their FLSA claims they would be entitled to $23, 651.99 in FLSA minimum wage back pay[1]. However, Defendants contend that they were in compliance with the wage laws and proffered legal arguments to support their position. Plaintiffs believe they will ultimately prevail. However, in order to avoid the legal and factual risks of protracted litigation, the parties have agreed to settle the FLSA action for the total sum of $25,477.58[2].

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were many contested legal disputes. Therefore, Plaintiffs believe the settlement is reasonable because of the risk that they may not prevail.

## ATTORNEYS' FEES

---

[1] Plaintiffs overtime pay owed based on the same calculation would $628.43.
[2] Even though the agreement states that the FLSA settlement amount is $25,341.87, after the Plaintiffs' share allocation was adjusted, the FLSA settlement amount is now $25,477.58. Additionally, the parties have agreed that the settlement amount will be reduced if a Plaintiff does not sign the agreement

Page 3

Plaintiffs' counsel will receive $6,200, less than one third of the FLSA settlement as attorneys' fees.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. Counsel's lodestar is $22,760.50 in attorneys' fees[3], making the fee counsel will receive under the agreement reasonable in light of their lodestar. The following is a summation of the backgrounds and rates of the attorneys who worked on this matter:

     i.     Michael Faillace's work is billed at the rate of $450 per hour, which is his standard billing rate for matters paid on an hourly basis. Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. Faillace's work is indicated by the initials "MF."

     ii.     Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $250 per hour is reflected in Exhibit C with my initials "GN."[4]

---

[3] A copy of Plaintiff's counsel's billing record is attached as "Exhibit C."
[4] Additionally, Paralegal time marked as "PL" is billed at $100 an hour.

These rates are reasonable given the experience of the attorneys in wage and hour matters, and their performance in this case. *See Perez v. Platinum Plaza 400 Cleaners, Inc.,* Index No. 12-cv-9353 (PAC), 2015 U.S. Dist. LEXIS 78079, *3 n. 1 (S.D.N.Y. June 16, 2015) (awarding requested rates to Michael Faillace and one of his associates at this firm, Joshua Androphy, finding they had "demonstrated entitlement to these rates based on their experience in wage and hour litigation and their performance in this case").

In full consideration of the issues presented in both *Cheeks* and *Wolinsky,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved.

Thank you for your consideration in this matter.


Respectfully Submitted,

/s/ Gennadiy Naydenskiy

Gennadiy Naydenskiy


Encls.

# EXHIBIT A

| FLSA Payments | | | | |
|---|---|---|---|---|
| | | Paragraph 4(a) | First Payment Reference Paragraph 4 (a)(1) | Monthly Payment for 12 months Reference Paragraph 4(a)(2) |
| **Name of Plaintiff** | | **Total FLSA Payment** | **First FLSA Payment** | **Monthly FLSA Payment** |
| Ascencio | Valente | $ 1,466.64 | $ 209.52 | $ 104.76 |
| Basurto | Jesus | $ 446.60 | $ 63.80 | $ 31.90 |
| DeJesus | Javier | $ 1,286.46 | $ 183.78 | $ 91.89 |
| Giraldo | Yonier | $ 1,357.03 | $ 193.87 | $ 96.93 |
| Leon | Misael | $ 1,378.01 | $ 196.85 | $ 98.43 |
| Londono | Osban | $ 1,609.31 | $ 229.91 | $ 114.95 |
| Mendez | Josue | $ 1,457.68 | $ 208.24 | $ 104.12 |
| Olguin | Adrian | $ 1,478.41 | $ 211.21 | $ 105.60 |
| Olguin | Roman | $ 1,234.52 | $ 176.36 | $ 88.18 |
| Reyes | Carlos | $ 1,152.90 | $ 164.70 | $ 82.35 |
| Romero | Antonio | $ 1,191.67 | $ 170.23 | $ 85.12 |
| Ventura | Horwin | $ 1,362.90 | $ 194.70 | $ 97.35 |
| Vidals | Carlos | $ 1,115.95 | $ 159.43 | $ 79.71 |
| Acosta Ninsson | Feliz | $ 1,369.75 | $ 195.67 | $ 97.84 |
| Coleote Ramirez | Ricardo Manuel | $ 1,369.75 | $ 195.67 | $ 97.84 |
| | TOTAL: | $ 19,277.58 | $ 2,753.94 | $ 1,376.97 |
| | | | | |
| Attorney Fees and Costs | | $ 6,200.00 | $ 500.00 | $ 475.00 |

# EXHIBIT B

## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding between Valente Ascencio, Jesus Angel Basurto, Javier De Jesus Armenta, Yonier Alberto Giraldo Orozco, Misael Leon Sanchez, Osban Yovany Londono Castrillon, Josue Mendez Olguin, Adrian Olguin Martinez, Roman Olguin, Carlos Humberto Reyes Herrera, Jose Antonio Romero Romero (a/k/a Antonio Romero), Horwin Ventura Candia, Carlos Vidals Ramos, Feliz Acosta and Manuel Rocardo Coleote Ramirez (collectively, "Plaintiffs"), and MaxDelivery 2, LLC (d/b/a Max Delivery), Christopher Siragusa and Paul Abramsky (collectively, "Defendants") regarding Plaintiffs' employment and the settlement of FLSA claims they have or may have against Defendants.

**WHEREAS**, Plaintiffs have filed a case against Defendants in the United States District Court, Southern District of New York, entitled <u>Abel De Jesus Aguirre et al. v. MaxDelivery 2, LLC (d/b/a Max Delivery) et al.</u>, Docket No.: 1:18-cv-08998 (PGG)(SDA) (the "Action").

**WHEREAS,** Defendants in the Action have denied all claims alleged in the Action;

**WHEREAS,** the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1.   **Definition of Parties.**

(a)   "Releasors" are defined as Plaintiffs and includes each of their present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns, in their respective capacity as such; and,

(b)   "Released Parties" is defined to include MaxDelivery 2, LLC (d/b/a Max Delivery), Christopher Siragusa and Paul Abramsky, and their present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, in their respective capacity as such , and their employee benefit plans and programs and their administrators and fiduciaries, in their respective capacity as such .

2.   **Plaintiffs' Commitments.**   In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiffs have or may have in the future through the date of execution of this Agreement, including withdrawing any pending motion for collective action.

1

3.    **Limited Release of All Fair Labor Standards Act Claims by Plaintiffs.**

(a)    Release of Fair Labor Standards Acts Claims. Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Releasors have or may have against Released Parties, and also covenant not to file any claim or suit alleging a violation of the FLSA.

(b)    Collective/Class Action Waiver. Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party. In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiffs, upon learning of Plaintiffs' inclusion, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c)    Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to their released claims. They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4.    **Consideration.**

(a)    In exchange for the promises made herein by Plaintiffs and subject to the United States District Court Southern District of New York's (the "Court") approval of this Agreement, Defendants in the Action agree to pay to Plaintiffs the gross total sum of $25,341.87 (the "Payment"), with a total of $6,200.00 of the Payment constituting attorneys' fees (see Exhibit "A").

(1)    Within thirty (30) days after the Court approves this Agreement, Defendants shall pay to Plaintiffs a total of $2,734.55 and $500.00 in attorneys' fees (see Exhibit "A").

(2)    Thereafter, for twelve (12) months, Defendants shall pay to Plaintiffs each month a total of $1,367.28 and $475.00 in attorneys' fees (see Exhibit "A").

(b)    The foregoing checks will be mailed to Plaintiffs' counsel, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165.

(c)    The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA, known or unknown, asserted or unasserted, that Releasor may have against Released Parties.

(d)    The parties agree that 50% of all monies paid to Plaintiffs shall constitute wages and subject to withholdings, and 50% shall constitute liquidated damages and not subject to withholdings. Plaintiffs shall be responsible for the payment of any taxes owed which are not withheld by Defendants. Plaintiffs represent that no tax advice has been given to them by

Released Parties or their representatives and they understand that Released Parties make no representation or guarantee as to the tax consequences of these payments. Plaintiffs hereby agree to indemnify and hold harmless Released Parties in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiffs for any failure by them to properly report the payment.

(e)      Simultaneously with the execution of this Agreement, Defendants shall deliver to Plaintiffs' counsel an executed affidavit for confession of judgment. In the event Defendants are in default of any payment in paragraph 4(a) of this Agreement, Releasors shall provide seven (7) calendar days' written notice to Defendants via e-mail and facsimile sent to Robert Milman, Esq. and Netanel Newberger, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042, email: rob@mllaborlaw.com, netanel@mllaborlaw.com, fax number: (516) 328-0082, of the default and intent to file the affidavit for confession of judgment with the Clerk of the Court of New York County for judgment to be entered against Defendants declaring the entire sum then unpaid immediately due and payable. If Defendants do not cure the defect within seven (7) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety, and Plaintiffs may file the affidavit for confession of judgment. Defendants shall be entitled to a set-off of any portion of the Payment already paid prior to the filing of the confession of judgment.

5.      **Settlement Approval.**

Plaintiffs shall file a motion seeking the Court's approval of this agreement. This agreement is contingent upon the Court's approval of this settlement agreement and dismissal of all of Plaintiffs' claims, with prejudice.

6.      **Non-Admission of Wrongdoing.**    Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiffs against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the Fair Labor Standards Act.

7.      **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8.      **No Waiver.**    Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9.      **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

3

10.   **Entire Agreement**.

(a)   This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiffs have or may assert against Released Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b)   This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c)   Plaintiffs acknowledge that they have not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

11.   **Competence to Waive Claims**.   Plaintiffs are competent to affect a knowing and voluntary release of all of their FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle their FLSA claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

12.   **Representations.**

(a)   Plaintiffs understand and agree that they have been advised that they have twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

(b)   Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

(c)   Plaintiffs understand and agree that they have been advised that they have seven (7) days after signing this Agreement to change their mind and to revoke this Agreement. Plaintiffs understand and agree that if they exercise this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose. If any Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Netanel Newberger, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Netanel Newberger, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

4

13.    **Execution.**

(a)    The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by his counsel, Michael Faillace & Associates, P.C. Plaintiffs fully understand that this Agreement releases, settles, bars and waives any and all claims that they could possibly have against Released Parties under the FLSA. Plaintiffs selected their counsel voluntarily;

(b)    Plaintiffs confirm they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement; and,

(c)    This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Released Parties, and Released Parties until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _8 / 16_____, 2019    By: _____
                                   Valente Ascencio

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _New York_ )

On the _16_ day of _August_ in the year 2019, before me, the undersigned notary public, Valente Ascencio personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                   _____
                                   Signature and Office of individual
**YOLANDA RIVERO**                  taking acknowledgment
**NOTARY PUBLIC STATE OF NEW YORK**
**NO. 02RI6061584**
**QUALIFIED IN QUEENS COUNTY**
**COMMISSION EXPIRES JULY 16, 20_23_**

5

Dated: _____, 2019    By: _____
                                     Jesus Angel Basurto

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____  )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Jesus Angel Basurto personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

-----------------------------------------------------------------------------------------------

Dated: __8/28/19__, 2019    By: _____
                                 Javier De Jesus Armenta

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF New York   )

On the 28 day of August in the year 2019, before me, the undersigned notary public, Javier De Jesus Armenta personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

PAUL HERSHAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HE6365223
Qualified in New York County
My Commission Expires 10-02-2021

_____
Signature and Office of individual
taking acknowledgment

-----------------------------------------------------------------------------------------------

Dated: __08/16/19__, 2019    By: _____
                                  Yonier Alberto Giraldo Orozco

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF New York   )

On the 16th day of August in the year 2019, before me, the undersigned notary public, Yonier Alberto Giraldo Orozco personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

YOLANDA RIVERO
NOTARY PUBLIC STATE OF NEW YORK
NO. 02RI6061584
QUALIFIED IN QUEENS COUNTY
COMMISSION EXPIRES JULY 16, 2023

6

Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------

Dated: ___8/29/19___ , 2019      By: _____
                                     Misael Leon Sanchez

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _New York_   )

On the _29_ day of _August_ in the year 2019, before me, the undersigned notary public, Misael Leon Sanchez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

_____
Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------

Dated: ___Sip___ , 2019      By: __Osban Londono C.__
                                  Osban Yovany Londono Castrillon

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____   )

On the _4_ day of _September_ in the year 2019, before me, the undersigned notary public, Osban Yovany Londono Castrillon personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 2021

_____
Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------

Dated: _AGOSTO 14_ , 2019      By: _____
                                   Josue Mendez Olguin

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____   )

On the _14_ day of _Agust_ in the year 2019, before me, the undersigned notary public, Josue Mendez Olguin personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the

7

intent to settle this matter and to waive any and all claims that he may have against Released
Parties.

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20 21

Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------

Dated: _August 27_, 2019    By: _____

Adrian Olguin Martinez

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

On the 27th day of August in the year 2019, before me, the undersigned notary public,
Adrian Olguin Martinez personally appeared and proved to me, on the basis of satisfactory
evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly
with the intent to settle this matter and to waive any and all claims that he may have against
Released Parties.

PAUL HERSHAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HE6366223
Qualified in New York County
My Commission Expires 10-02-2021

Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------

Dated: _08 - 14 -_, 2019    By: _____

Roman Olguin

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

On the 14 day of August in the year 2019, before me, the undersigned notary public,
Roman Olguin personally appeared and proved to me, on the basis of satisfactory evidence, that
he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the
intent to settle this matter and to waive any and all claims that he may have against Released
Parties.

MICHAEL FAILLACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20 21

Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------

Dated: _8 28 19_, 2019    By: _____

Carlos Humberto Reyes Herrera

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

8

On the ___ day of _____ in the year 2019, before me, the undersigned notary public, Carlos Humberto Reyes Herrera personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

MICHAEL PAULA ACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20__

_____
Signature and Office of individual
taking acknowledgment

----------------------------------------------------------------

Dated: 2-27-19 _____, 2019   By: _____

Jose Antonio Romero Romero (a/k/a Antonio Romero)

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

On the ___ day of _____ in the year 2019, before me, the undersigned notary public, Jose Antonio Romero Romero (a/k/a Antonio Romero) personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

MICHAEL PAULA ACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20__

_____
Signature and Office of individual
taking acknowledgment

----------------------------------------------------------------

Dated: 26/08/19 _____, 2019   By: _____

Horwin Ventura Candia

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NY _____ )

On the 26 day of Agst in the year 2019, before me, the undersigned notary public, Horwin Ventura Candia personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

MICHAEL PAULA ACE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02FA6120964
Qualified in New York County
My Commission Expires January 03, 20__

_____
Signature and Office of individual
taking acknowledgment

----------------------------------------------------------------

Dated: _____, 2019   By: _____

Carlos Vidals Ramos

9

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Carlos Vidals Ramos personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

Dated: 0 8 -14-0 9, 2019   By: _____
                                                Feliz Acosta

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF _____ )

On the 14 day of Aug in the year 2019, before me, the undersigned notary public, Feliz Acosta personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and waive any and all claims that he may have against Released Parties.

**MICHAEL FARUGIA**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02FA6120964**
**Qualified in New York County**
**My Commission Expires January 03, 2021**

_____
Signature and Office of individual
taking acknowledgment

Dated: _____, 2019   By: _____
                                              Manuel Rocardo Coleote Ramirez

                                              MANUEL RICARDO COLEOTE RAMIREZ

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Manuel Rocardo Coleote Ramirez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

**MICHAEL FARUGIA**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02FA6120964**
**Qualified in New York County**
**My Commission Expires January 03, 2021**

_____
Signature and Office of individual
taking acknowledgment

_____
MAXDELIVERY 2, LLC D/B/A

10

MAX DELIVERY

Dated: _____, 2019          By:      _____

Dated: _____, 2019                   _____
                                         Christopher Siragusa, Individually

Dated: _____, 2019                   _____
                                         Paul Abramsky, Individually

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ABEL DE JESUS, ET AL.                                        Docket No.: 1:18-cv-08998(PGG)(SDA)

PLAINTIFFS,

                                                            STIPULATION OF
        -AGAINST-                                           DISMISSAL

MAXDELIVERY 2, LLC (D/B/A MAX DELIVERY),
CHRISTOPHER SIRAGUSA, AND PAUL ABRAMSKY,

                DEFENDANTS.

------------------------------------------------------------X

        IT IS HEREBY STIPULATED that this action has been discontinued and is hereby

dismissed with prejudice, without costs to any party against any other.  This Stipulation may be

filed with the Court without further notice to any party.

Dated: July __, 2019


_____              _____
Gennadiy Naydenskiy, Esq.                 Robert F. Milman, Esq.
Michael Faillace & Associates, P.C.       Netanel Newberger, Esq.
Attorneys for Plaintiffs                  Milman Labuda Law Group PLLC
One East 42nd Street, Suite 4510          Attorneys for Defendants
New York, NY 10105                        3000 Marcus Avenue, Suite 3W8
                                          Lake Success, NY 11042


SO ORDERED:


_____
Honorable Stewart D. Aaron, U.S.M.J.

12

Dated: _____, 2019    By: ___**JESUS ANGEL BASURTO**___
                                      Jesus Angel Basurto

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

     On the _05_ day of _09_ _19_ in the year 2019, before me, the undersigned notary public, Jesus Angel Basurto personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                        _____
                                        Signature and Office of individual
                                        taking acknowledgment

---

Dated: _05 09 19_____, 2019    By: _____
                                      Abel De Jesus Aguirre

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

     On the _05_ day of _09_ _19_ in the year 2019, before me, the undersigned notary public, Abel De Jesus Aguirre personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                          _____
                                        Signature and Office of individual
                                        taking acknowledgment

---

Dated: _5 -09 19_____, 2019    By: _____
                                      Javier De Jesus Armenta

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

     On the _05_ day of _09_ _19_ in the year 2019, before me, the undersigned notary public,

## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding between Valente Ascencio, Jesus Angel Basurto, Javier De Jesus Armenta, Yonier Alberto Giraldo Orozco, Misael Leon Sanchez, Osban Yovany Londono Castrillon, Josue Mendez Olguin, Adrian Olguin Martinez, Roman Olguin, Carlos Humberto Reyes Herrera, Jose Antonio Romero Romero (a/k/a Antonio Romero), Horwin Ventura Candia, Carlos Vidals Ramos, Feliz Acosta and Manuel Rocardo Coleote Ramirez (collectively, "Plaintiffs"), and MaxDelivery 2, LLC (d/b/a Max Delivery), Christopher Siragusa and Paul Abramsky (collectively, "Defendants") regarding Plaintiffs' employment and the settlement of FLSA claims they have or may have against Defendants.

WHEREAS, Plaintiffs have filed a case against Defendants in the United States District Court, Southern District of New York, entitled <u>Abel De Jesus Aguirre et al. v. MaxDelivery 2, LLC (d/b/a Max Delivery) et al.</u>, Docket No.: 1:18-cv-08998 (PGG)(SDA) (the "Action").

WHEREAS, Defendants in the Action have denied all claims alleged in the Action;

WHEREAS, the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Definition of Parties.**

   (a) "Releasors" are defined as Plaintiffs and includes each of their present or former spouse(s), creditors, dependents, executors, administrators, heirs, dependents, successors and assigns, in their respective capacity as such; and,

   (b) "Released Parties" is defined to include MaxDelivery 2, LLC (d/b/a Max Delivery), Christopher Siragusa and Paul Abramsky, and their present or former parent corporations, subsidiaries, divisions, affiliated entities, predecessors, consultants, insurers, reinsurers, successors and assigns, and their current and former employees, attorneys, officers, board members, directors and agents thereof, in their respective capacity as such , and their employee benefit plans and programs and their administrators and fiduciaries, in their respective capacity as such .

2. **Plaintiffs' Commitments.** In exchange for the promises set forth in paragraph "4" below, Plaintiffs agree to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiffs have or may have in the future through the date of execution of this Agreement, including withdrawing any pending motion for collective action.

1

3.   **Limited Release of All Fair Labor Standards Act Claims by Plaintiffs.**

(a)   <u>Release of Fair Labor Standards Acts Claims</u>.  Releasors knowingly and voluntarily release and forever discharge Released Parties of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA"), which Releasors have or may have against Released Parties, and also covenant not to file any claim or suit alleging a violation of the FLSA.

(b)   <u>Collective/Class Action Waiver</u>.  Plaintiffs waive any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Released Parties are a party.  In the event any class or collective action is brought against Released Parties, which includes or may include Plaintiffs, upon learning of Plaintiffs' inclusion, Plaintiffs immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c)   Plaintiffs acknowledge that they may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to their released claims.  They agree, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

4.   **Consideration.**

(a)   In exchange for the promises made herein by Plaintiffs and subject to the United States District Court Southern District of New York's (the "Court") approval of this Agreement, Defendants in the Action agree to pay to Plaintiffs the gross total sum of $25,341.87 (the "Payment"), with a total of $6,200.00 of the Payment constituting attorneys' fees (see Exhibit "A").

(1)   Within thirty (30) days after the Court approves this Agreement, Defendants shall pay to Plaintiffs a total of $2,734.55 and $500.00 in attorneys' fees (see Exhibit "A").

(2)   Thereafter, for twelve (12) months, Defendants shall pay to Plaintiffs each month a total of $1,367.28 and $475.00 in attorneys' fees (see Exhibit "A").

(b)   The foregoing checks will be mailed to Plaintiffs' counsel, Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, NY 10165.

(c)   The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA, known or unknown, asserted or unasserted, that Releasor may have against Released Parties.

(d)   The parties agree that 50% of all monies paid to Plaintiffs shall constitute wages and subject to withholdings, and 50% shall constitute liquidated damages and not subject to withholdings.  Plaintiffs shall be responsible for the payment of any taxes owed which are not withheld by Defendants.  Plaintiffs represent that no tax advice has been given to them by

2

Released Parties or their representatives and they understand that Released Parties make no representation or guarantee as to the tax consequences of these payments. Plaintiffs hereby agree to indemnify and hold harmless Released Parties in connection with any tax liabilities and/or interest, penalties, or costs that may be incurred by Plaintiffs for any failure by them to properly report the payment.

(e)     Simultaneously with the execution of this Agreement, Defendants shall deliver to Plaintiffs' counsel an executed affidavit for confession of judgment. In the event Defendants are in default of any payment in paragraph 4(a) of this Agreement, Releasors shall provide seven (7) calendar days' written notice to Defendants via e-mail and facsimile sent to Robert Milman, Esq. and Netanel Newberger, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042, email: rob@mllaborlaw.com, netanel@mllaborlaw.com, fax number: (516) 328-0082, of the default and intent to file the affidavit for confession of judgment with the Clerk of the Court of New York County for judgment to be entered against Defendants declaring the entire sum then unpaid immediately due and payable. If Defendants do not cure the defect within seven (7) days of receipt of the notice then all settlement monies owed under this Agreement shall be immediately due in their entirety, and Plaintiffs may file the affidavit for confession of judgment. Defendants shall be entitled to a set-off of any portion of the Payment already paid prior to the filing of the confession of judgment.

5.     **Settlement Approval.**

Plaintiffs shall file a motion seeking the Court's approval of this agreement. This agreement is contingent upon the Court's approval of this settlement agreement and dismissal of all of Plaintiffs' claims, with prejudice.

6.     **Non-Admission of Wrongdoing.**   Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiffs against Released Parties. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the Fair Labor Standards Act.

7.     **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

8.     **No Waiver.**   Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

9.     **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

3

10. **Entire Agreement.**

(a)   This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiffs have or may assert against Released Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b)   This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c)   Plaintiffs acknowledge that they have not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

11. **Competence to Waive Claims.**   Plaintiffs are competent to affect a knowing and voluntary release of all of their FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that they lack a clear and complete understanding of this Agreement. Plaintiffs are not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle their FLSA claims, to waive all claims and to indemnify Released Parties from any claims by or relating to Releasors.

12. **Representations.**

(a)   Plaintiffs understand and agree that they have been advised that they have twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

(b)   Plaintiffs understand and agree that they have been advised to consult with an attorney before signing this Agreement.

(c)   Plaintiffs understand and agree that they have been advised that they have seven (7) days after signing this Agreement to change their mind and to revoke this Agreement. Plaintiffs understand and agree that if they exercise this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose. If any Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Netanel Newberger, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Netanel Newberger, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

13.   **Execution.**

(a)   The meaning, effect and terms of this Agreement have been fully explained to Plaintiffs by his counsel, Michael Faillace & Associates, P.C.  Plaintiffs fully understand that this Agreement releases, settles, bars and waives any and all claims that they could possibly have against Released Parties under the FLSA.  Plaintiffs selected their counsel voluntarily;

(b)   Plaintiffs confirm they have not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Released Parties to execute this Agreement; and,

(c)   This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document.  A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect.  However, the Agreement will not be binding on Released Parties, and Released Parties until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASED PARTIES.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2019    By:   _____
                                                    Valente Ascencio


STATE OF NEW YORK    )
                                        ) ss.:
COUNTY OF _____   )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Valente Ascencio personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment
----------------------------------------------------------------------------------------------------

5

Dated: _____, 2019    By: _____
                                     Jesus Angel Basurto


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

   On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Jesus Angel Basurto personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                 _____
                                 Signature and Office of individual
                                 taking acknowledgment

-------------------------------------------------------------------------------------------------------

Dated: _____, 2019    By: _____
                                     Javier De Jesus Armenta


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

   On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Javier De Jesus Armenta personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                 _____
                                 Signature and Office of individual
                                 taking acknowledgment

-------------------------------------------------------------------------------------------------------

Dated: _____, 2019    By: _____
                                     Yonier Alberto Giraldo Orozco


STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

   On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Yonier Alberto Giraldo Orozco personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                 _____

6

Signature and Office of individual
taking acknowledgment

-----------------------------------------------------------------------------------------------------------

Dated: _____, 2019   By: _____

Misael Leon Sanchez


STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Misael Leon Sanchez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

Signature and Office of individual
taking acknowledgment

-----------------------------------------------------------------------------------------------------------

Dated: _____, 2019   By: _____

Osban Yovany Londono Castrillon


STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Osban Yovany Londono Castrillon personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

Signature and Office of individual
taking acknowledgment

-----------------------------------------------------------------------------------------------------------

Dated: _____, 2019   By: _____

Josue Mendez Olguin


STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Josue Mendez Olguin personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the

intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

----------------------------------------------------------------------------------------------------

Dated: _____, 2019      By: _____
Adrian Olguin Martinez

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____   )

    On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Adrian Olguin Martinez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

----------------------------------------------------------------------------------------------------

Dated: _____, 2019      By: _____
Roman Olguin

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____   )

    On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Roman Olguin personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

----------------------------------------------------------------------------------------------------

Dated: _____, 2019      By: _____
Carlos Humberto Reyes Herrera

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF _____   )

8

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Carlos Humberto Reyes Herrera personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------------------------------------

Dated: _____, 2019     By: _____
Jose Antonio Romero Romero (a/k/a Antonio Romero)

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Jose Antonio Romero Romero (a/k/a Antonio Romero) personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------------------------------------

Dated: _____, 2019     By: _____
Horwin Ventura Candia

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____ )

On the ____ day of _____ in the year 2019, before me, the undersigned notary public, Horwin Ventura Candia personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

_____
Signature and Office of individual
taking acknowledgment

--------------------------------------------------------------------------------------------------------------

Dated: _____, 2019     By: _____
Carlos Vidals Ramos

9

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF _____  )

On the _____ day of _____ in the year 2019, before me, the undersigned notary public, Carlos Vidals Ramos personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                          _____
                                          Signature and Office of individual
                                          taking acknowledgment

-------------------------------------------------------------------------------------------------------------

Dated: _____, 2019    By:    _____
                                                          Feliz Acosta

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF _____  )

On the _____ day of _____ in the year 2019, before me, the undersigned notary public, Feliz Acosta personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                          _____
                                          Signature and Office of individual
                                          taking acknowledgment

-------------------------------------------------------------------------------------------------------------

Dated: _____, 2019    By:    _____
                                                           Manuel Rocardo Coleote Ramirez

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF _____  )

On the _____ day of _____ in the year 2019, before me, the undersigned notary public, Manuel Rocardo Coleote Ramirez personally appeared and proved to me, on the basis of satisfactory evidence, that he is executing this Settlement Agreement and is doing so voluntarily and knowingly with the intent to settle this matter and to waive any and all claims that he may have against Released Parties.

                                          _____
                                          Signature and Office of individual
                                          taking acknowledgment

-------------------------------------------------------------------------------------------------------------

                                          MAXDELIVERY 2, LLC D/B/A

10

Dated: ___8/20___, 2019                    By: 

MAX DELIVERY

Dated: ___8/20___, 2019

_____
Christopher Siragusa, Individually

Dated: _____, 2019

_____
Paul Abramsky, Individually

11

MAX DELIVERY

Dated: _____, 2019                    By:    _____

Dated: _____, 2019                           _____
                                                  Christopher Siragusa, Individually

Dated: _8_|_20_|_, 2019                           _____
                                                  Paul Abramsky, Individually

# EXHIBIT C

## *Michael Faillace & Associates, P.C.*
60 East 42nd Street
Suite 4510
New York, NY 10165

Ph:(212) 317-1200          Fax:(212) 317-1620

Abel de Jesus Aguirre                                        September 11, 2019

|                  |            |
|------------------|------------|
| File #:          | MaxDelivery |
| Inv #:           | 1168       |

**Attention:**

**RE:**     De Jesus Aguirre et al v. Maxdelivery 2, LLC et al

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Aug-09-18 | interviewed 2 new clients and got facts for the complaint | 1.60 | 720.00 | MF |
| Aug-13-18 | interviewed new client and got the facts for the complaint | 0.80 | 360.00 | MF |
| Aug-21-18 | reviewed complaint | 0.60 | 270.00 | MF |
| Sep-25-18 | reviewed and corrected complaint | 1.90 | 855.00 | MF |
| Sep-27-18 | reviewed and corrected complaint and discussed case with paralegal | 3.70 | 1,665.00 | MF |
| Sep-28-18 | contacted clients and spoke to them about the case | 0.90 | 405.00 | MF |
| Sep-30-18 | reviewed and corrected complaint | 1.80 | 810.00 | MF |
| Nov-29-18 | discussed case with GN | 0.10 | 45.00 | MF |
|  | cl meeting | 0.30 | 75.00 | GN |
|  | review case file | 1.30 | 325.00 | GN |
|  | conference with other attys in office re: strategy | 0.30 | 75.00 | GN |

|            |                                                               |      |        |    |
|------------|---------------------------------------------------------------|------|--------|----|
|            | conference with MF re: strategy                               | 0.20 | 50.00  | GN |
|            | review cl docs                                                | 0.40 | 100.00 | GN |
| Nov-30-18  | research deductions and meal credit                           | 0.30 | 75.00  | GN |
| Dec-10-18  | conference with SV re: case                                   | 0.10 | 35.00  | GN |
| Jan-02-19  | discussed case with GN                                        | 0.10 | 45.00  | MF |
|            | review def pre-motion ltr, complaint, client docs             | 2.00 | 700.00 | GN |
|            | conference with MF re: strategy                               | 0.10 | 35.00  | GN |
|            | conference with SV to call cls                                | 0.20 | 70.00  | GN |
|            | continue review of complaint and client docs                  | 0.50 | 175.00 | GN |
|            | conference with SV re: info from Ps                           | 0.20 | 70.00  | GN |
|            | conference with MF re: strategy                               | 0.10 | 35.00  | GN |
|            | conference with SV re: convo w/ Ps                            | 0.10 | 35.00  | GN |
|            | review def bike/battery rental policy                         | 0.20 | 70.00  | GN |
|            | review complaint for coa's that fit and compare to pre-motion ltr | 2.00 | 500.00 | GN |
| Jan-03-19  | review complaint and cl docs                                  | 2.50 | 875.00 | GN |
|            | conference with def attorney re: case managment plan          | 0.30 | 105.00 | GN |
|            | edit case managment plan                                      | 0.10 | 35.00  | GN |
|            | review def ltr to judge                                       | 0.10 | 35.00  | GN |
|            | review judges decision                                        | 0.10 | 35.00  | GN |
| Jan-04-19  | discussed case with GN                                        | 0.10 | 45.00  | MF |
|            | review notes for plaintiffs with flsa meeting with claims     | 0.60 | 210.00 | GN |

| Date | Description | Hours | Amount | By |
|------|-------------|-------|--------|-----|
| | notes for pre-motion opp | 0.20 | 70.00 | GN |
| Jan-07-19 | discussed case with GN | 0.10 | 45.00 | MF |
| | edit draft amended complaint | 1.50 | 525.00 | GN |
| | draft and revise pre-motion opp ltr | 0.90 | 315.00 | GN |
| | draft and revise pre-motion opp ltr | 1.30 | 455.00 | GN |
| Jan-09-19 | intitial conference | 0.90 | 315.00 | GN |
| | legal research flsa ot prevailing wage as the ot rate | 0.90 | 315.00 | GN |
| | review extnesion ltr and tolling stip and edit tolling stip | 0.20 | 70.00 | GN |
| Jan-10-19 | discussed settlement conference with GN | 0.10 | 45.00 | MF |
| | discussed case with GN | 0.10 | 45.00 | MF |
| Jan-15-19 | legal research def position that deduction is deposit | 1.10 | 385.00 | GN |
| Jan-22-19 | review def email and reply back (with extensive legal anylisis) / and research nyll 193 and nyll 196 in regards | 0.90 | 315.00 | GN |
| | legal research delivery fee | 1.30 | 455.00 | GN |
| | continue legal research delivery fee and research def. website | 0.40 | 140.00 | GN |
| | conference with def attorney and chambers | 0.10 | 35.00 | GN |
| Jan-29-19 | review documents to be produced for sett | 0.20 | 70.00 | GN |
| Feb-07-19 | email def attorney re: producing docs | 0.10 | 35.00 | GN |
| | review def produced documents | 1.50 | 525.00 | GN |
| | conference with def attorney re: records produced | 0.40 | 140.00 | GN |

|  |  |  |  |  |
|---|---|---|---|---|
|  | legal research tips that go to packers- regs and dol opinoins | 1.90 | 665.00 | GN |
|  | continue legal research of tip sharing | 0.50 | 175.00 | GN |
|  | legal research 195 change in rate of pay | 0.40 | 140.00 | GN |
| Feb-22-19 | review and edit ltr to dol for opinion | 2.30 | 805.00 | GN |
|  | review def. docs | 0.40 | 140.00 | GN |
| Mar-06-19 | edit damages calculations | 1.30 | 455.00 | GN |
|  | continue calculating damages | 1.40 | 490.00 | GN |
|  | legal research misc. wage order, case law, and nyll 198 | 0.80 | 280.00 | GN |
|  | Reviewed and ReCalculated Defendants Records of Plaintiffs Payments | 2.00 | 200.00 | PL |
| Mar-07-19 | draft sett conference statement | 1.30 | 455.00 | GN |
| Mar-13-19 | travel to court | 0.30 | 52.50 | GN |
|  | sett conference | 2.60 | 650.00 | GN |
|  | travel from court | 0.40 | 100.00 | GN |
|  | Called Client To Confirm Attendance at Conference | 0.08 | 8.00 | PL |
| Apr-12-19 | meeting with cl re: sett and arb agreement | 0.50 | 175.00 | MF |
| Apr-15-19 | edit damages for sett calculations | 1.80 | 630.00 | MF |
| May-07-19 | review damages sheet and cl's flsa info | 0.20 | 70.00 | GN |
| May-17-19 | conference with def attorney re: sett distribution | 0.20 | 70.00 | GN |
|  | discuss w PL | 0.10 | 35.00 | GN |
|  | revise sett allocation | 0.50 | 175.00 | GN |

|  | | | | |
|---|---|---|---|---|
|  | conference with def attorney re sett allocation | 0.10 | 35.00 | GN |
| May-22-19 | conference with w/ def attorney re:allocation | 0.20 | 70.00 | GN |
| May-28-19 | calculate Plaintiffs' first payment distribution | 0.40 | 140.00 | GN |
| Jul-22-19 | review and revise sett agreement | 1.80 | 630.00 | GN |
|  | continue revise sett agreements | 1.30 | 455.00 | GN |
| Jul-26-19 | telephone call with def attorney re: sett terms | 0.20 | 70.00 | GN |
| Jul-29-19 | draft and review extension ltr | 0.20 | 70.00 | GN |
|  | make agreement final version | 0.40 | 140.00 | GN |
| Aug-16-19 | discuss with PL | 0.20 | 70.00 | GN |
|  | Telephone call with client Abel De Jesus Aguirre to sign agreement | 0.10 | 10.00 | PL |
|  | Telephone call with client Adrian Olguin Martinez askign him when he can sign the agreement | 0.10 | 10.00 | PL |
|  | Telephone call with client Armando Rafael Mesinas Perez asking him when he can come to sign the agreement. | 0.10 | 10.00 | PL |
|  | Telephone call with client Juan C. Palacios to ask him when he can come sign the agreement | 0.10 | 10.00 | PL |
| Aug-27-19 | cl meeting | 2.00 | 700.00 | GN |
| Sep-03-19 | discuss w/ PL | 0.20 | 70.00 | GN |
| Sep-06-19 | telephone call w/ def attorney | 0.20 | 70.00 | GN |
| Sep-09-19 | draft, review, and revise ltr to court | 2.30 | 805.00 | GN |
| Sep-10-19 | draft sett fairness motion | 1.10 | 385.00 | GN |
| | Totals | 65.78 | $22,760.50 | |

## DISBURSEMENTS

|            |                                           |          |
|------------|-------------------------------------------|----------|
|            | Filing Fee                                | 400.00   |
| Oct-03-18  | Process Server Max Delivery 2, LLC        | 75.00    |
|            |                                           |          |
|            | Totals                                    | $475.00  |

**Total Fee & Disbursements**                                    $23,235.50

**Balance Now Due**                                              $23,235.50